NO. 07-08-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2009
_____

ASHLEY MCCALL STOKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 121,944; HONORABLE W. F. "CORKY" ROBERTS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Ashley McCall Stokes, appeals her conviction and sentence for the offense of driving while intoxicated. Appellant contends that the officer did not have reasonable suspicion to initiate a traffic stop and, therefore, any evidence obtained after the detention should be excluded. We affirm.

Background

During the early morning hours of February 28, 2008, Sergeant Jerome Godfrey responded to a call regarding a prowler in the vicinity of the 3800 block of East 14th Avenue in Amarillo, Texas. In responding to the call, Godfrey observed a single moving vehicle in the area and began following the vehicle. As the vehicle turned off of 14th Avenue, Godfrey lost sight of it and circled back to attempt to reestablish visual contact with the vehicle. On 11th Avenue, Godfrey observed a parked vehicle turning off its lights, but was unsure whether the parked vehicle was the same one that he had recently followed. As he drove by the vehicle, Godfrey looked at his rearview mirror and observed the taillights on the vehicle flash on twice, even though he did not see anyone in the car. Godfrey parked at the end of the street and continued to observe the car. A short time later, the car turned on and began to pull away. Godfrey then activated his lights and stopped the vehicle. Godfrey stopped the vehicle based on his observations and suspicion that the occupant may have been involved with the prowling report.

Appellant filed a motion to suppress and, after a hearing on the motion, the trial court denied appellant's motion. The trial court also filed its findings of fact and conclusions of law in which the trial court found that "Godfrey believed the driver of the vehicle may have been an auto burglar who was committing or had committed an offense." Appellant pled guilty but received the trial court's permission to appeal the denial of the motion to suppress.

Law and Analysis

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. See Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). When the facts are undisputed, the review is *de novo*. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim. App. 1997). In reviewing the officer's testimony, we are to use an objective standard that disregards any subjective intent of the officer making the stop and look solely to whether an objective basis for the stop exists. See Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim.App. 2005). As long as an actual violation occurred, law enforcement officers are free to enforce the laws and detain a person for that violation regardless of the officer's subjective reason for the detention. See Garcia v. State, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992).

In addition to the stated facts above, Godfrey testified that the vehicle was improperly parked.[1] Godfrey's testimony that the vehicle was improperly parked would have been sufficient for Godfrey to stop the vehicle after appellant began driving away. See Josey v. State, 981 S.W.2d 831, 837 (Tex.App.–Houston [14th Dist.] 1998, pet. ref'd). From Godfrey's testimony, he did not detain the vehicle based on any traffic violation observed or any burglary that may have been in progress. However, Godfrey's subjective intent is irrelevant. Ford, 158 S.W.3d 488, 492-93. Giving total deference to the trial court,

_____

[1]Appellant, through cross-examination of Godfrey, made the trial court aware that Godfrey did not mention the improper parking of the vehicle in his police report and first mentioned the improper parking during the suppression hearing. However, appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. See Guzman, 955 S.W.2d at 89.

3

the trial court could have believed that Godfrey witnessed a traffic violation by the improperly parked car. Guzman, 955 S.W.2d at 89. Though the trial court issued findings of fact and conclusions of law discussing reasonable suspicion and articulable facts, those findings and conclusions are unnecessary when an actual violation of the law is observed. See Garcia, 827 S.W.2d at 944. A law enforcement officer is free to enforce the law and detain a person for that violation regardless of the officer's subjective reason for the detention. Id. Therefore, we conclude that the trial court did not abuse its discretion in finding that Godfrey's stop and detention was reasonable because of the observed traffic violation. See id. We affirm the trial court's ruling on the appellant's motion to suppress.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.

4